UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>                Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF STATE HOSPITAL,<br><br>                Defendant. | Case No.  2:25-cv-3121-DAD-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is housed at Atascadero State Hospital, has filed a section 1983 complaint, ECF No. 1, two motions seeking a preliminary injunction, ECF Nos. 5 & 7, and an application to proceed *in forma pauperis*, ECF No. 9.  The application to proceed *in forma pauperis* is granted, but the complaint is deficient and will be dismissed with leave to amend.  Additionally, the motions for preliminary injunction should be denied without prejudice in light of the fact that, as yet, plaintiff can show no likelihood of success on his claims.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff's complaint is non-compliant with Rule 8. It runs approximately seventy pages in length and lacks any obvious organizational structure. There are numerous allegations, some of which appear fanciful. For instance, plaintiff alleges that inmates have been allowed to "run the place" and are "impersonating" a Federal Bureau of Investigation online crime reporting center. ECF No. 1 at 56, 61. He references numerous court proceedings, some state and others federal, *id.* at 53, and it is unclear which, if any, are being challenged herein. Other allegations reference his conditions of confinement, presumably at Atascadero State Hospital, and range from allegations of involuntary medication, to "online torture," to physical attacks by an uncertain

2

number of unnamed officers. *Id.* at 51-53. After review of the complaint, I conclude that no defendant (and it is uncertain how many are implicated or who they are) could reasonably be expected to understand the scope and nature of the claims being levied against him or her.

I will give plaintiff an opportunity to amend so that he may address these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

In finding that the complaint fails to state a cognizable claim, I necessarily recommend that the motions for preliminary injunction be denied. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) ("a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits.") (citation omitted).

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 9., is GRANTED.

Further, it is RECOMMENDED that plaintiff's motions for preliminary injunction, ECF Nos. 5 & 7, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    February 2, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4