UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BENNETT,

Plaintiff,

v.

DEPARTMENT OF STATE HOSPITAL, *et al.*,

Defendants.

Case No. 2:25-cv-3121-DAD-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff, a county inmate, filed this action on October 28, 2025. ECF No. 1. On November 10, 2025, plaintiff filed a motion for a preliminary injunction, ECF No. 5. On November 13, 2025, because plaintiff had not filed an application to proceed *in forma pauperis* or paid the filing fee, I ordered him to do so. ECF No. 6. In response, plaintiff filed another motion for a preliminary injunction as well as a notice about fraud and white-collar crimes. ECF Nos. 7 & 8. On January 8, 2026, plaintiff filed a motion to proceed *in forma pauperis*. With the resolution of the filing fee, on February 2, 2026, I dismissed plaintiff's complaint with leave to amend and recommended that both motions for preliminary injunction be denied. ECF No. 11. The findings and recommendations were adopted in full on September 1, 2026. ECF No. 16. Plaintiff did not file an amended complaint nor a notice of voluntary dismissal, therefore, on August 28, 2026, I issued an order to show cause. ECF No. 15. Plaintiff has not responded to the

order to show cause. Accordingly, I find dismissal is warranted for plaintiff's failure to state a claim, failure to prosecute, and failure to comply with court orders.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiff failed to comply with numerous court orders, including several ordering plaintiff to file an amended complaint or a notice of voluntary dismissal. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The August 28, 2026 order expressly warned plaintiff that

failure to comply with court orders would result in dismissal. ECF No. 15. Plaintiff had adequate warning that dismissal could result from noncompliance. I therefore find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute, failure to comply with court orders, and failure to state a claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE